MELINDA RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:  +1 650 614 7400
Facsimile:   +1 650 614 7401

ERNAN KISELICA (SBN 329385)
ernan.kiselica@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
Telephone:  +1 949 567 6700
Facsimile:   +1 949 567 6710

Attorneys for Defendant
OWENS & MINOR DISTRIBUTION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SONITA SMITH, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>OWENS & MINOR DISTRIBUTION, INC.; a Virginia corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.  5:23-cv-1479<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b), and 1446** |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

PLEASE TAKE NOTICE THAT Defendant Owens & Minor Distribution Inc. ("O&M") hereby removes this matter from the San Bernardino Superior Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.  The grounds for removal are as follows:

## Claims Asserted in Complaint

1.     On June 23, 2023, Plaintiff Sonita Smith filed a complaint for damages against O&M in San Bernardino County Superior Court, Case No. CIVSB2314451, entitled *Sonita Smith v. Owens & Minor Distribution, Inc.*, *et al.* (the "Complaint"). Plaintiff asserts claims for (1) employment discrimination on the basis of disability, (2) employment discrimination on the basis of age, (3) interference with rights under the California Family Rights Act, (4) retaliation for exercising rights under the Fair Employment Housing Act ("FEHA"), (5) failure to prevent discrimination and retaliation, (6) tortious wrongful termination in violation of public policy, and (7) failure to permit inspection of copying of personnel file. *See generally* Compl.

2.     Plaintiff seeks compensatory damages, declaratory relief, injunctive relief, punitive damages, statutory penalties, pre-and-post judgment interest, and attorneys' fees and costs. *See* Compl. at 19–20.

3.     On July 26, 2023, O&M filed an Answer to Plaintiff's Complaint in San Bernardino County Superior Court, generally denying all of Plaintiff's allegations and asserting various affirmative defenses. A file-stamped copy of that Answer is attached hereto as **Exhibit B**.

## Compliance with Statutory Requirements

4.     On June 28, 2023, Plaintiff served O&M with the Summons and Complaint. O&M's removal of this action is therefore timely because it filed the instant Notice of Removal within 30 days of the date Plaintiff served it with the Complaint. 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446(a), copies of Plaintiff's Summons and Complaint are attached to this Notice of Removal as **Exhibit A**.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

5. Under 28 U.S.C. § 1446(d), O&M will provide written notice of removal of this action to Plaintiff's counsel and will promptly file a copy of this Notice of Removal and the necessary, attendant documents with the Clerk of the San Bernardino Superior Court. A copy of O&M's Notice to State Court and Adverse Party of Removal from State Court to the United States District Court of the Central District of California (without exhibits) is attached to this Notice of Removal as **Exhibit C**. A copy of all state-court orders are attached to this Notice of Removal as **Exhibit D**.

## Intradistrict Assignment

6. Plaintiff filed this case in the Superior Court of California, County of San Bernardino; therefore, this case may properly be removed to the Eastern Division of the Central District of California. 28 U.S.C. § 1441(a).

## Plaintiff and O&M are Citizens of Different States

7. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). In this matter, diversity of citizenship exists because Plaintiff and O&M are citizens of different states. *See* 28 U.S.C. § 1332(d)(2). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie the domicile. *See Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. 2016) (allegation that Plaintiff "is, and at all times mentioned in the Complaint was," a California resident "gives rise to a presumption that Plaintiff is a California citizen"). Based on a review of Plaintiff's employment records, Plaintiff appears to be a citizen of California, and there is no evidence that she has ever lived in Virginia. *See* Declaration of Jennifer Gibson ("Gibson Decl.") ¶ 4.

8. O&M is a Virginia corporation with its principal place of business in

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

Virginia. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding that a corporation's principal place of business is its "nerve center," which will normally be where it maintains its headquarters); Declaration of Sherry Banner ("Banner Decl.") Decl. ¶ 3. Accordingly, O&M is a citizen for diversity-jurisdiction purposes of Virginia.

### The Amount in Controversy Exceeds $75,000

9. The alleged amount in controversy in this action exceeds $75,000. O&M denies Plaintiff's claims in their entirety, but provides the following analysis of potential damages, without admitting liability, based on the allegations in Plaintiff's Complaint to demonstrate that Plaintiff's Complaint puts a sufficient amount in controversy to warrant removal under 28 U.S.C. § 1332.

10. When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). A defendant must provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co, LLC. v. Owens*, 574 U.S. 81, 89 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015) ("[A] defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal."). Thus, O&M is required to establish that it is plausible that the amount in controversy exceeds $75,000. The defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *See Dart*, 574 U.S. at 87.

11. Plaintiff seeks to recover earnings for "lost wages, loss of earning potential, employee benefits, and all other sums of money." *See* Comp. at 19–20. Plaintiff earned at least $32.68/hour as a full-time employee, which equates to approximately $67,987.34 annually. Gibson Dec., ¶ 3. Based on the allegations in

the complaint, including Plaintiff's alleged lost wages and loss of earning potential that she allegedly suffered, and continues to suffer, the amount in controversy in this matter clearly exceeds $75,000.

12.    Plaintiff also seeks recovery of emotional distress damages alleging that she has suffered and continues to suffer emotional distress. *See* Comp. ¶¶ 32, 60. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (district court found emotional distress damages potentially substantial even though plaintiff alleged an uncertain amount). Given a commonsense assessment of such claims in the context of an employment action, O&M makes the reasonable assumption that $25,000.00 is the amount at issue as to her emotional distress damages. *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (affirming determination that, in light of a plaintiff's alleged lost wages of at least $55,000, emotional distress damages could be valued at $25,000).

13.    Punitive damages also are included in calculating the amount in controversy as they are recoverable under FEHA. *See Richmond*, 897 F. Supp. at 450; *see also Vasquez v. Arvato Digital Servs.*, No. CV 11-02836 RSWL, 2011 WL 2560261, at *4 (C.D. Cal. June 27, 2011) ("Punitive damages are available under FEHA . . . and therefore the Court may consider punitive damages when determining the amount in controversy."). Here, Plaintiff seeks punitive damages on six of her claims. *See* Comp. ¶¶ 34, 46, 62, 73, 82, 90. Plaintiff's claim for punitive damages provides further support for removal.

14.    Attorneys' fees are also considered when determining the amount in controversy if recoverable by statute or contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). The measure of attorneys' fees "should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Tech.*, 209

F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("attorneys' fees in individual discrimination cases often exceed the damages."). Here, Plaintiff seeks recovery of attorneys' fees pursuant to California Government Code Section 12965, which provides further support for removal. *See* Comp. at 19. Indeed, "[e]mployment claims have been found to require substantial effort from counsel." *See Garcia v. ACE Cash Express*, Inc., No. SACV 14-0285-DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) (internal quotation marks and citation omitted). This Court and others have held that a reasonable rate for employment cases is $300 per hour. *See id.*, at *5. Estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. *See id.*; *Melendez v. HMS Host Family Restaurants*, Inc., 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011). Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in this case may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour).

15.     Considering all of the types of relief Plaintiff seeks, the amount in controversy in this matter exceeds the $75,000 jurisdictional threshold. Therefore, O&M has met by a preponderance of the evidence its burden of establishing a sufficient amount in controversy for diversity jurisdiction.

16.     O&M reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to removal.

17.     No admission of fact or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

## Venue

18.     This action was originally brought in the Superior Court of the State of California, County of San Bernardino, and venue thus lies in the Eastern Division of this Court, pursuant to 28 U.S.C. Sections 1441, 1446 (a), and 84(c).

## All Requirements Are Satisfied

Because diversity of parties exists and the amount placed in controversy by

Plaintiff's claims exceeds $75,000, all requirements for removal to federal court are satisfied.

WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior Court of the State of California, County of San Bernardino.

Dated:  July 27, 2023                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  /s/ *Melinda Reichert*
MELINDA RIECHERT
ERNAN KISELICA
Attorneys for Defendant
OWENS & MINOR DISTRIBUTION, INC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -